## CHARLES STEARNS *vs.* FRANK MULLEN.

The owner of a tract of land conveyed by metes and bounds the whole of it, except a strip on the westerly side, describing the land granted as bounded on the west on "a passage way reserved by me to be used as such, and to be used by the grantee and his assigns as a passage way in common with myself and others under me." *Held*, that the grantor reserved the fee in the soil of the passage way; and that the grantee took a right of way therein appurtenant to the land granted only, and had no right to use it as appurtenant to other land afterwards acquired.

ACTION OF TORT for breaking and entering the plaintiff's close in Springfield, described in the writ as " bounded northerly on

Bridge Street, easterly on land now or lately of Silas Cook, southerly on James Barnes's land, westerly on land now or lately belonging to the heirs of Elias Champion." The defendant justified as servant and tenant of James Barnes, under a right of way claimed by Barnes, for himself, his servants and tenants. The parties submitted the case to the decision of the court upon the following facts:

On the 25th of October 1844, the plaintiff, being the owner of a lot of land in Springfield, bounded on the north on Bridge Street, on the east, in part, on land of the eighth school district, on the south on land of the heirs of Justin Lombard, and on the west on land of the heirs of Elias Champion; and also of another lot, adjoining the first on the east, and bounded on the north by land of said school district, and on the south by land of Lombard's heirs; made a deed of warranty to Silas Cook of land described as follows: "Beginning at the northwesterly corner of a lot now occupied for a school ground of the eighth school district, and running westerly on Bridge Street forty one feet six inches to a passage way reserved by me to be used as such, and to be used by the grantee and his assigns as a passage way in common with myself and others under me; then southerly on a line parallel to the line of said school ground about ten rods to land of the heirs of Justin Lombard, Esquire, deceased; thence easterly by said Lombard's line forty one and a half feet; thence in a direct line northerly to the place of starting"; also the other lot above mentioned, to the east of the first. On the 7th of January 1846 Cook conveyed the same premises by deed of warranty to Calvin Stebbins, describing the same right of way; and on the 23d of March 1846 Stebbins conveyed to James Barnes the part of said premises farthest from Bridge Street, including the eastward lot, and described as " beginning at a point one hundred feet from the south side of Bridge Street on the easterly side of a passage way sixteen feet wide, and running by said passage way to land of the heirs of Justin Lombard," &c.; " together with the free and uninterrupted use of the passage way about sixteen feet wide, above mentioned, to Bridge Street, and all my right and title thereto, reserving however to

the owner of the estate which I now occupy the right to use the same." Barnes purchased of Justin Lombard's heirs the land lying south of the passage way, and erected several houses thereon, one of which was occupied by the defendant as his tenant. The defendant, by permission of Barnes, used the passage way in passing to and from his house and Bridge Street, and this is the alleged trespass. The ownership and occupation of the lands above mentioned, at the date of the writ, are shown in the plan in the margin.*

On the 18th of December 1851 all the plaintiff's estate was assigned under proceedings in insolvency, and on the 1st of November 1852 the assignees made a quitclaim deed to the plaintiff of the *locus,* describing it as a " piece of land situated on the southerly side of Bridge Street," &c., " and opened as a passage way by said Stearns, running southerly from Bridge Street to land of James Barnes."

*C. A. Winchester,* for the plaintiff. The right of way granted by Stearns to Cook " and his assigns " was not in gross, but appurtenant to the land granted. *Sumner* v. *Williams,* 8 Mass. 214. *Salisbury* v. *Andrews,* 19 Pick. 253. *Mendell* v. *Delano,* 7 Met. 179. *Phillips* v. *Rhodes,* 7 Met. 324. *White* v. *Crawford,* 10 Mass. 183. *Kent* v. *Waite,* 10 Pick. 138. *Underwood* v. *Carney,* 1 Cush. 285. 3 Kent Com. (6th ed.) 420. Being a way appurtenant, Barnes and his tenants had no right to use in connection with any other land. Com. Dig. Chimin, D. 5 *Davenport* v. *Lamson,* 21 Pick. 72.

*R. A. Chapman & F. Chamberlin,* for the defendant.   A way in gross may be granted by deed to one, his heirs and assigns. *White* v. *Crawford,* 10 Mass. 188.   *Senhouse* v. *Christian,* 1 T. R. 560.   *Commonwealth* v. *Low,* 3 Pick. 408.   2 Hilliard on Real Property, (3d ed.) 17.   This was a way in gross, because it was expressly created and reserved for the use of the grantee and his assigns, in common with the grantor and his assigns.   The interests of the tenants in common must be similar, at least where there is nothing in the deed to indicate a distinction.   If the construction be doubtful, the deed is to be taken most strongly against the grantor, and as granting that right of way which would be most beneficial to the grantee, which would, of course, be that which he could assign without the land.

But if the grantee's right of way is appurtenant, the grantor's is likewise appurtenant, and he could not retain or acquire again any interest in such a way, after he had parted with and not repurchased all land to which it could be appurtenant.   He cannot therefore maintain this action.   2 Hilliard on Real Property, 18.   *Kirkham* v. *Sharp,* 1 Whart. 333, 334.

SHAW, C. J.   This is an action of tort, in the nature of trespass *quare clausum.*   The close is described as a piece of land about sixteen feet wide, adjoining Bridge Street in Springfield. It is agreed that in 1844 the plaintiff owned a small lot of land bounding on Bridge Street, of which this narrow strip of land was a part, and then conveyed it to Cook by a description which, in our opinion, excepted the soil of the sixteen foot lane. When the conveyance was made, no lane or passage way ex-.sted there.   The description is, "running westerly on Bridge Street forty one feet six inches to a passage way reserved by me to be used as such, and to be used by the grantee and his assigns as a passage way in common with myself and others under me." If it had been intended to pass the fee of the soil of the lane to the grantee, he would have bounded it, on that side, on Champion's heirs, who were his conterminous proprietors on the other side of the lane, and would then have reserved to himself and his heirs the easement of a right of way, instead of granting one to the grantee of the lot.   Cook conveyed to Stebbins, and after-

wards Stebbins conveyed the rear part to Barnes, under whom the defendant justifies. In this deed, Stebbins bounds his grantee on the easterly side of the lane, with a right of way in the lane, showing how the grantees under Stearns's original deed to Cook understood it, as excluding the soil, but granting the right of way. The subsequent insolvency of Stearns, and the conveyance of all his estate to his assignees, does not affect his title when the alleged trespass was committed; because whatever title passed to the assignees was reconveyed to him by quitclaim deed.

We think, under this view, that the plaintiff has not parted with his title to the soil of the passage way, and therefore that he can maintain an action of trespass, unless the defendant can justify under Barnes. The plaintiff does not claim in virtue of an easement reserved to himself and his heirs in his deed to Cook, even if the words are such as would constitute the reservation of an easement out of land the fee of which is conveyed. But he claims as owner in fee, including every right to the fee of the soil, which he has not parted with.

As to the other point, we can entertain no doubt that Cook and his grantees, by the original deed of Stearns, took the easement of a right of way appurtenant to the land. By one and the same deed, for one consideration, a man conveys a parcel out of a larger tract of land, and grants a right of way to him and his heirs in his own other land, obviously useful and necessary to the beneficial use and enjoyment of the land granted; can it be doubted that the intent was to grant the easement as appurtenant, and to pass with it? We think not. It is equivalent to a grant of the right of way to Cook and his heirs, proprietors of the land granted. This being the case, Barnes took no right of way as appurtenant to the land afterwards acquired of the heirs of Lombard, and could convey no such right to the defendant; his justification therefore is not established.

*Judgment for the plaintiff, for nominal damages.*